## Case No. 14,146.

### TRASK v. PELLETIER et al.

[N. Y. Times, August 9, 1853.]

District Court, S. D. New York.   1853.

ADMIRALTY PROCESS—WARRANT AND ATTACHMENT —GARNISHMENT.

[Courts of admiralty have authority to issue a warrant of arrest, with a clause that, if defendants cannot be found, their goods and chattels, and also their credits and effects in the hands of parties named, shall be attached; but such process is defective, and must be set aside after service, as to any garnishees who are not named in the writ.]

[This was a libel by Benjamin J. H. Trask against Antonia Pelletier and Henry J. Overmann.]

Motion to set aside a warrant of arrest. The libel prayed for a warrant of arrest, with a clause therein that, if the defendants be not found, then their goods and chattels, and also their credits and effects in the hands of the American Exchange Bank, be attached. The marshal's return was: "Defendants not found. I have attached the funds of the defendant Overmann in the American Exchange Bank and the Broadway Bank." Counsel for the defendant Overmann now moved to set aside the process, on the grounds—(1) That a court of admiralty has no right to issue a warrant of arrest with an attachment clause; (2) that the process does not name any garnisees; (3) that the service of the attachment was irregular, inasmuch as the defendant resides in the city, and might have been found.

Before INGERSOLL, District Judge.

Held, that a court of admiralty was authorized to issue the process, but that the process was defective in not containing the names of the garnishees. Held, also, that the affidavit read is not sufficient to contradict the marshal's return that the defendant could not be found. Ordered, therefore, that the attachment be set aside, so far as regards the Broadway Bank, which was not named in the libel, and the process be amended by inserting therein the name of the American Exchange Bank, the garnishee mentioned in the libel, with leave to the defendant to renew the motion on further affidavits.